875 F.2d 864
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Michael D. HARRIS, Plaintiff-Appellant,
v.
Gordon W. BRITTON, Defendant
 No. 89-1097.
 United States Court of Appeals, Sixth Circuit.
 Feb. 8, 1989.
 
 Before MILBURN and BOGGS, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 This appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit.
 
 
 2
 Review of the record indicates that the district court entered an order dismissing appellant's civil rights action on November 15, 1988. A Fed.R.Civ.P. 59(e) motion to reconsider that order was served on November 18, 1988, and filed on November 23, 1988. Both those events occurred within the ten day period prescribed by Fed.R.Civ.P. 59(e), as computed by Fed.R.Civ.P. 6(a), and therefore tolled the running of the time for filing a notice of appeal. Fed.R.App.P. 4(a)(4). Despite the continued pendency of the motion to reconsider, appellant filed a notice of appeal on January 12, 1989. As of this date, the district court has not acted upon the motion to reconsider.
 
 
 3
 This court does not have jurisdiction over the appeal. Fed.R.App.P. 4(a)(4) specifies that a notice of appeal filed prior to the disposition of a timely motion pursuant to Fed.R.Civ.P. 59(e) "... shall have no effect. A new notice of appeal must be filed within the prescribed time measured from the entry of the order disposing of the motion...." A timely notice of appeal is mandatory and jurisdictional. Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 61 (1982) (per curiam); Browder v. Director, Dep't of Corrections, 434 U.S. 257, 264 (1978).
 
 
 4
 Accordingly, it is ORDERED that the appeal be and hereby is dismissed for lack of jurisdiction. Rule 9(b)(1), Rules of the Sixth Circuit.